IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JOHN ALBERT SUMMERLIN,**

       **Plaintiff,**

      **v.**                                      Case No. 3:03cv82/RV/MD

**OFFICER GILMORE, #366, et al.,**

       **Defendants.**
_____/

## ORDER

The *pro se* plaintiff is advised that there are different procedures for obtaining witnesses depending on whether the witness agrees to testify and whether the witness is incarcerated. The following discussion of witnesses also applies where a witness is sought for the purpose of producing and authenticating documents.

**A. VOLUNTARY WITNESSES**

If the witness is not incarcerated and agrees to attend court without a subpoena, no court action is necessary. To the extent that they have not already done so, parties are hereby admonished that it is the party's responsibility to notify the witness of the time, date, and place of the trial, and to list that witness in the pretrial narrative statement filed with the court.

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court by issuing a writ of habeas corpus ad testificandum. A writ will be issued for plaintiff so he need not file a motion to secure his own attendance.

This court will not issue a writ for an inmate witness (other than plaintiff) unless it is satisfied that the inmate witness is willing to attend <u>and</u> has actual knowledge of relevant facts. The inmate's willingness to testify can be shown in one of two ways. The party wishing to call the witness may submit the affidavit of the witness, in which the witness states he is willing to testify without being subpoenaed. Alternatively, the party may swear by affidavit that the prospective witness has indicated he is willing to testify voluntarily. The affidavit must indicate when and where the witness communicated this willingness.

The prospective witness's actual knowledge of relevant facts can likewise be shown either by affidavit of the witness describing the relevant facts to which he was an eye-witness or an ear-witness, or by affidavit of the party requesting the witness. The party may submit his own affidavit only if he has actual first-hand knowledge that the witness was an eye-witness or ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify. Whether the affidavit is made by the party or the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must file, at least twenty-one (21) days before trial, a written motion along with their narrative statement asking the court to issue a writ to secure the attendance of the witness. The motion must state the name and place of confinement of each such witness and be accompanied by the affidavits of willingness and relevancy described above. If the motion is granted the court will issue the writ necessary to cause the witness's custodian to bring him to court. The court has the authority to deny the presence of witnesses who will be giving irrelevant or repetitive testimony or who are threats to security.

**B. INVOLUNTARY WITNESSES**

An involuntary witness is one that will not attend the hearing without a subpoena. Since defendant is able to serve subpoenas, this section is applicable only to plaintiffs who presumably cannot arrange for service.

If a prospective witness refuses to testify voluntarily, plaintiff shall submit, at least twenty-one (21) days before trial, a list of the names and addresses of such prospective witnesses. He must also indicate in the narrative statement the anticipated testimony of these witnesses, and whether he has attempted to secure their voluntary attendance. If plaintiff wishes for the United States to serve the witnesses, he must submit an appropriate sum of money for the Marshal to tender to the witness. A subpoena will <u>not</u> be served by the Marshal upon an unincarcerated witness <u>unless</u> the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness's travel expenses (48.5¢ per mile), plus the witness fee of $40.00 for one day's attendance at trial. 28 U.S.C. § 1821. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed *in forma pauperis*.

The costs of <u>service</u> of the subpoenas by the Marshal (which is also $40.00 each plus 48.5¢ per mile) will be advanced by the United States for litigants proceeding *in forma pauperis*. However, plaintiff is warned that the costs of service are items of cost which may be taxed against the losing party after trial. See 28 U.S.C. § 1920, 1921; Fed.R.Civ.P. 54(d). Costs may be taxed against an indigent. <u>Harris v. Forsyth</u>, 742 F.2d 1277 (11th Cir. 1984).

If an inmate witness refuses to attend trial voluntarily, then the inmate must be subpoenaed <u>and</u> the court must issue a writ of habeas corpus ad testificandum. If plaintiff wishes to secure the presence of an involuntary inmate witness, he must follow the procedure outlined above (for inmate witnesses) to demonstrate that the witness has actual knowledge of relevant facts, and submit it with a motion, indicating

3

the name and address of the inmate, seeking issuance of a writ and service of a subpoena. The requirement that a subpoena be served with a witness fee ($40.00) is applicable to inmates, although no mileage costs would be required.

Failure to comply with the foregoing procedures for obtaining attendance of witnesses will result in the exclusion of the witness's testimony. The court is aware that the indigent plaintiff may be precluded from presenting pertinent testimony because of the ruling in this order. However, that is what the law requires. If new evidence (witnesses or documentary) is discovered after the narrative statements are filed, the party desiring to use the same shall immediately furnish to the court and to the opposing party complete details thereof, together with the reason for the late discovery. Use of such evidence or witnesses shall then be allowed only by order of the court upon a finding of good cause.

Finally, although this court can grant wide latitude in *pro se* pleadings, the plaintiff will be bound to follow all evidentiary rules at trial. The plaintiff will be required to examine and to cross examine every witness using the proper form of question under the Federal Rules of Evidence. No personal testimony will be allowed during your opening statement or your closing argument.

DONE AND ORDERED this 28th September, 2005.

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**